UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
UNITED STATES OF AMERICA,

                 v.

MARC LUNA,

                 Petitioner.

--------------------------------------------------X

16 CR 647 (SJ)
20 CV 1206 (SJ)

MEMORANDUM
AND ORDER

APPEARANCES:

MARC LUNA, *Pro se*
# 89859-053
Federal Correctional Institution-Allenwood Medium
P.O. Box 2000
White Deer, PA 17887

BREON S. PEACE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By: Drew G. Rolle
*Attorney for the Government*

JOHNSON, Senior District Judge:

    Petitioner Marc Luna moves pursuant to 28 U.S.C. § 2255 to vacate his conviction under 18 U.S.C. § 924(c)(1)(A)(ii) in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). For the following reasons, Petitioner's motion is **DENIED**.

## Background

Between July 2016 and December 2016, Petitioner participated in a robbery conspiracy targeting at least 10 commercial businesses in Queens and Staten Island, New York. In four of the robberies, Petitioner and his co-conspirator displayed a firearm to underscore their threat of violence to their victims. In subsequent robberies, they used a BB gun to the same effect.

On January 17, 2018, Petitioner pleaded guilty to a three-count superseding information, which charged Petitioner with (1) Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 1951(a); (2) Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) for a July 30, 2016 armed robbery of a Staten Island hotel (the "Hylan Inn Robbery"); and (3) possessing and brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(ii), predicated on the Hylan Inn Robbery. (Dkt. No. 21.)

In paragraph 4 of the plea agreement, Petitioner "agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 205 months or below." In paragraph 5 of the plea agreement, the Government agreed to, among other things, not charge the Petitioner with possession of a firearm in relation to the three other armed robberies. (Dkt. No. 60-1.)

On October 2, 2018, the Court sentenced Petitioner to 24 months' imprisonment for counts one and two, to run concurrently, followed by 84 months' imprisonment on count three, to run consecutively, for a total term of 108 months' imprisonment.

On October 19, 2018, Petitioner's trial counsel filed a notice of appeal on his behalf. (Dkt. No. 36.) On January 7, 2020, Petitioner's appellate counsel elected to file an *Anders* brief, asking the Second Circuit to relieve him and dismiss the appeal. Notably, Petitioner did not raise the argument that § 924(c), the provision of the statute under which he was convicted for use of a firearm, was unconstitutionally vague.

On March 2, 2020, Petitioner then filed the instant motion to vacate under 28 U.S.C. § 2255, five months before the Second Circuit ruled on his direct appeal. (*See* Dkt. No. 51.) Since the appeal was still pending, the § 2255 motion was premature. *See Rivera v. United States*, No. 13-CR-424-1 (KMW), 2016 WL 9022576, at *1 (S.D.N.Y. Aug. 24, 2016) (citing *Wall v. United States*, 619 F.3d 152, 154 (2d Cir. 2010); *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002)). Accordingly, the Court did not immediately direct the Government to file a response.

The Second Circuit denied the *Anders* motion on August 12, 2020. (Dkt. No. 51.) Because of a discrepancy between the oral pronouncement and

written judgment versions of the special conditions of supervised release, the case was remanded for sentencing solely as to the special conditions. (*Id.*) On April 30, 2021, this Court re-sentenced Petitioner and filed an amended judgment. (Dkt. No. 55.) The Court construed Petitioner's previously filed § 2255 motion as relating to the amended sentence and judgment and accordingly directed the Government to show cause why the motion should not be granted. (Dkt. No. 57.)

In his § 2255 habeas petition, Petitioner argues that the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), requires this Court to vacate his conviction for possessing and brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c). (Dkt. No. 21.)

In response, the Government argues that the Petitioner is barred from collaterally challenging his conviction due to his agreement to a collateral attack waiver; that Petitioner has procedurally defaulted this claim by not raising it on direct appeal; and that Petitioner has no legitimate *Davis* claim, because his § 924(c) conviction was predicated on substantive Hobbs Act robbery, rather than conspiracy.

## Discussion

The Court finds that Petitioner has procedurally defaulted due to his failure to raise the *Davis* claim on direct appeal and that the claim is in any

event meritless. Noting the uncertainty regarding whether a collateral attack waiver is enforceable in the context of a *Davis* challenge, *see Hernandez v. United States*, No. 14-CR-0264(JS), 2021 WL 3426110, at *3 (E.D.N.Y. Aug. 5, 2021) (discussing conflicting precedent), the Court declines to decide the motion on that basis.

## I. Procedural Default

"In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

"In order to demonstrate cause, a defendant must show 'some objective factor external to the defense,' such that the claim was 'so novel that its legal basis [was] not reasonably available to counsel.' Novelty, or futility, however, 'cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.' [T]he question is not whether subsequent legal developments have made counsel's task

easier, but whether at the time of the default the claim was 'available' at all." *Id.* 84–85 (internal citations omitted).

Petitioner explains that he did not raise the *Davis* issue on appeal, because he "was waiting on new case law [from *United States v. Davis*] to become retroactive." (Dkt. No. 50.) However, Petitioner had no reason to wait given the availability of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was decided three years before his sentencing.

In *Johnson*, the Supreme Court found the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), to be unconstitutionally vague, thereby providing the blueprint for a similar challenge to § 924(c). "Many courts in this Circuit have held that defendants' failure to challenge their conviction pursuant to *Johnson* on direct appeal precludes reliance on *Davis* in a collateral proceeding, because *Johnson* provided all of the 'tools to construct' a constitutional vagueness challenge to a conviction under the residual clause prior to *Davis*." *McCarron*, 2020 WL 2572197 at *5; *see also Mayes v. United States*, No. 12-CR-0385, 2019 WL 6307411, at *2 (E.D.N.Y. Nov. 25, 2019); *United States v. Key*, No. 12-CR-712-1 (SHS), 2019 WL 2314693, at *8 (S.D.N.Y. May 31, 2019); *Rodriguez v. United States*, No. 3:16-CV-1784 (JCH), 2019 WL 5552325, at *6 (D. Conn. Oct. 25, 2019).

Even though the law in the Second Circuit at the time of Petitioner's sentencing and during his appeal supported his conviction, "the fact that a claim may be futile is not sufficient to establish cause 'if it means simply that a claim was unacceptable to that particular court at that particular time.'" *McCarron*, 2020 WL 2572197 at *5 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Moreover, the timing of Petitioner's § 2255 motion belies his purported justification for not raising *Davis* on direct appeal. Petitioner filed his § 2255 motion in March 2020, when the Second Circuit had yet to rule on *Davis's* retroactivity. *See Caraballo v. United States*, No. 10-CR-392 (CS), 2021 WL 1062036, at *1 (S.D.N.Y. Mar. 19, 2021) ("The Second Circuit has not decided whether *Davis* is retroactively available on collateral review."). Uncertainty regarding retroactivity thus does not explain why Petitioner chose to raise it in his § 2255 motion, rather than on appeal.

In sum, Petitioner's failure to raise arguments that were available to him on direct appeal bars him from raising them now. Accordingly, the Court finds that Petitioner has procedurally defaulted with regard to his collateral attack to his conviction under § 924(c).

**II.     Merits of Petition**

Section 924(c)(3) defines a "crime of violence" as a felony that:

7

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court ruled that the residual clause of § 924(c)(3)(B) was unconstitutionally vague. Therefore, the Government cannot rely on a Hobbs Act robbery conspiracy as a predicate crime of violence to obtain heightened penalties. *Id.* at 2336. "However, Hobbs Act robbery remains a 'crime of violence'" under § 924(c)(3)(A)'s elements clause. *Jacques v. United States*, No. 07-CR-0844 (JS), 2020 WL 5981655, at *5 (E.D.N.Y. Oct. 8, 2020); *see also United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018) (holding that Hobbs Act robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

Here, the superseding information clearly states that Petitioner's § 924(c) conviction was predicated on the Hylan Inn Robbery to which Petitioner pleaded guilty in count two, not Hobbs Act robbery conspiracy. (Dkt. No. 21.) Because Petitioner was convicted under § 924(c)(3)(A)'s

elements clause, and not § 924(c)(3)(B)'s residual clause that was invalidated in *Davis*, his claim is meritless.

## Conclusion

For the foregoing reasons, the petition to vacate his conviction is DENIED. The Court respectfully directs the Clerk of Court to mail a copy of the M&O to Marc Luna and to note the mailing on the docket sheet.

Dated: November 23, 2021  
Brooklyn, New York

Sterling Johnson, Jr., U.S.D.J.